■

**In the Matter of Jacob A. ATANGA, Respondent.**

No. 49S00–1111–DI–664.

Supreme Court of Indiana.

Feb. 15, 2012.

*PUBLISHED ORDER SUSPENDING RESPONDENT FROM THE PRACTICE OF LAW IN INDIANA FOR NONCOOPERATION*

On November 22, 2011, this Court ordered Respondent to show cause why Respondent should not be immediately suspended from the practice of law in this state for failure to cooperate with the Commission's investigation of a grievance filed against Respondent. The order required that Respondent show cause in writing within ten days of service of the order. Respondent has not submitted a response to the Court's order to show cause. On January 6, 2012, the Commission filed a "Request for Ruling and to Tax Costs."

Being duly advised, the Court ORDERS that **Respondent be suspended from the practice of law for noncooperation with the Commission, effective immediately.** Pursuant to Admission and Discipline Rule 23(10)(f)(3), this suspension shall continue **until further order of this Court,** provided there are no other suspensions then in effect. Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26).

IT IS FURTHER ORDERED, pursuant to Admission and Discipline Rule 23(10)(f)(5), that Respondent reimburse the Disciplinary Commission $505.79 for the costs of prosecuting this proceeding.

The Clerk of this Court is directed to give notice of this order to Respondent by certified mail, return receipt requested, at the address reflected in the Roll of Attorneys. The Clerk of this Court is further directed to give notice of this order to the Disciplinary Commission and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

■

**In the Matter of Thomas F. LEWIS, III, Respondent.**

No. 71S00–1202–DI–97.

Supreme Court of Indiana.

Feb. 15, 2012.

*PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING*

Respondent has tendered to this Court a resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17).

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending

against Respondent are hereby dismissed as moot because of Respondent's resignation from the bar of this State, subject to consideration of pending offenses in the event there is a petition for reinstatement.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The Clerk is directed to forward a copy of this Order to the hearing officer if one has been appointed, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

**In the Matter of Neil E. HOLBROOK, Respondent.**

No. 71S00–1202–DI–98.

Supreme Court of Indiana.

Feb. 15, 2012.

*PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING*

Respondent has tendered to this Court a resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17).

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation from the bar of this State, subject to consideration of pending offenses in the event there is a petition for reinstatement.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The Clerk is directed to forward a copy of this Order to the hearing officer if one has been appointed, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

